IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FREEMAN COLE,

       Plaintiff,

  v.

MAKAYLA R. MILLER,
KRISTEN M. SERVAIS,
ALICIA M. DALE,
ADVANCED CORRECTIONAL
HEALTHCARE, INC., and
LA CROSSE COUNTY SHERIFF'S DEPT.,

       Defendants.

OPINION AND ORDER

25-cv-858-wmc

---

Plaintiff Freeman Cole, a pre-trial detainee representing himself, has filed a complaint under 42 U.S.C § 1983, claiming that defendants Makayla R. Miller, Kristen M. Servais, Alicia M. Dake, Advanced Correctional Healthcare, Inc., and the La Crosse County Sheriff's Department violated his rights under the United States Constitution by refusing to take him to the hospital after he lost weight. (Dkt. #1.) Plaintiff has also filed numerous letters in this case, asking this court to remove him from La Crosse County Jail, place him in federal custody, and order the production of purported evidence. (Dkts. ##11-17 and 20-24.)

Under 28 U.S.C. § 1915A, this court must screen and dismiss any claim brought by a prisoner that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law cannot be sued for monetary relief. When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). However,

plaintiff must still allege enough facts to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). For the reasons explained below, the court will deny plaintiff leave to proceed but will grant leave to amend his complaint. Additionally, the court must deny plaintiff's requests to be transferred into federal custody.

ALLEGED FACTS[1]

At all relevant times, plaintiff Freeman Cole has been detained at the La Crosse County Jail pending trial on charges of attempted first degree intentional homicide in Case No. 2023CF000937. On September 12, 2025, an officer at the jail recorded Cole's weight at 204.4 pounds. On September 19, Cole alleges he weighed 184 pounds, while defendant nurse Alicia M. Dale recorded his weight as 187.2 pounds and denied Cole's request to be taken to the hospital. On September 26, defendant nurse Kristen M. Servais next recorded Cole's weight at 178.1 pounds, denied him additional nutrition, and denied his repeated request to go to the hospital. After alleging refusing to be weighed again for the following eight weeks Cole's next recorded weight was 188.1 pounds on November 21. (Dkt. #12 at 4.) Then, on February 24, 2026, Cole allegedly weighed 168.9 pounds. (26-cv-00153-wmc, dkt. 1, at 3.) Finally, while eating regularly, Cole alleges that he is being given something to hurt him.

---

[1] Unless otherwise indicated, the allegations of fact in plaintiff's complaint are taken as true for purposes of screening. In addition, the court takes judicial notice of matters in the public record, including pleadings and orders in previous court cases. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997) (citations omitted).

OPINION

## I.  Plaintiff's Complaint

Plaintiff claims that defendants have failed to take him to a hospital or supplement his diet in response to substantial weight loss, as well as giving him food that hurts him. Courts assess pre-trial conditions of confinement claims under the Fourteenth Amendment's Due Process Clause.  *Miranda v. County of Lake*, 900 F.3d 335, 350 (7th Cir. 2018).  Like claims under the Eighth Amendment, the alleged conditions must be objectively serious enough to amount to a constitutional deprivation.  *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015).  However, unlike claims under the Eighth Amendment, a pretrial detainee only needs to allege facts showing that "the defendants did not take reasonable available measures to abate the risk of serious harm to [plaintiff], even though reasonable [providers] under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious.  *Pittman v. Madison County*, 108 F.4th 561, 572 (7th Cir. 2024) ("*Pittman IV*").

Here, plaintiff essentially alleges that from September 12, when he was 204.4 pounds, to September 26, 2025, he lost roughly 26 pounds, then after adding back 10 pounds, by February 24, 2026, was down 35.5 pounds from his September 12 weight. Plaintiff alleges further that it should have been obvious to the nurses recording his weight, defendants Dale and Servais, that he should be provided extra food or taken to a hospital. However, aside from weight loss, plaintiff has alleged no other relevant facts, including his height or any other adverse symptoms.  Unfortunately for plaintiff, allegations of substantial weight loss alone are not sufficient to show that plaintiff was at risk of serious

3

harm.  *See Freeman v. Berge*, 441 F.3d 543, 547 (7th Cir. 2006) (concluding that 45-pound weight loss over 31 months would not support a claim without evidence of serious suffering or lasting harm).  Accordingly, plaintiff will not be allowed to proceed on this claim as pleaded but will be granted leave to amend if other facts can be alleged in good faith allowing a reasonable inference of the risk of serious harm caused by one or more of the defendants.

Because plaintiff also alleges that he has been eating, he further speculates that there must something wrong with his food to cause such a weight loss.  In the Eighth Amendment context, the Seventh Circuit has held that the deliberate substitution of sickening food causing substantial weight loss *would* violate the Constitution.  *Prude v. Clarke*, 675 F.3d 732, 734 (7th Cir. 2012).  However, plaintiff has identified no one who is providing him tainted food; rather, he vaguely alleges that he is "clearly being given something to hurt him," which does not satisfy Federal Rule of Civil Procedure 8.  To satisfy Rule 8, plaintiff must identify the particular people who are allegedly tampering with his food.  Accordingly, plaintiff will be denied leave to proceed on these facts either, but will be granted leave to amend if he is able to do so in good faith.

To proceed with this lawsuit, therefore, plaintiff will be required to file an amended complaint, in which he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) the relief he seeks in relation to those events.  For claims related to plaintiff's medical care, he should also identify any other harms he experienced because of his weight loss.  In particular, for his claims arising out of the food provided while in jail, plaintiff should name as defendants

4

the providers actually responsible for preparing and serving him food.[2]  Plaintiff should also as best he can set forth his allegations in separate, numbered paragraphs using short and plain statements, and telling his story chronologically, inserting allegations related to each defendant at the time in his chronology of events that each became involved.  To comply with Rule 8, plaintiff further must provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.  Finally, to comply with Rule 20, plaintiff may bring only one set of claims in this lawsuit.  The court will provide plaintiff with additional instructions and forms to assist in meeting these requirements.

## II.  Plaintiff's Other Filings

Until all of his cases are resolved, plaintiff has also requested that he and his physical evidence be picked up and housed in a federal facility, again alleging that someone is not only tempering with his food, but also his water.  (Dkt. ## 14-16.)  The court construes plaintiff's request for an immediate transfer as a motion for preliminary injunction. Regardless of how it is construed, the court *cannot* grant plaintiff's requested relief.  Simply put, the court does not have the authority to order a person detained as the result of a state crime to be transferred to a federal facility, nor does the court have the authority to order La Crosse County Jail to transfer pretrial detainees to another county's jail or a state

---

[2] If plaintiff does not know the defendants' names, he should at least provide their titles and refer to them as "John Doe," "John Doe #1," "Jane Doe," or "Jane Doe #1," etc.

correctional facility.  *Simpson v. Vanlanen*, No. 19-CV-1222, 2021 WL 4295315, at *4 (E.D. Wis. Sept. 21, 2021).

Plaintiff has also filed various pieces of evidence to support the allegations made in this case, as well as other lawsuits.  (Dkt. ## 11-13, 17, 20-24.)  Plaintiff is advised that at the screening stage, the court will accept as true all factual allegations in his complaint and no evidentiary submissions are required.  To the extent plaintiff wishes to compel defendants to produce body camera footage that was purportedly deleted (dkt. #17), this request must be dismissed without prejudice as premature.  Should plaintiff be granted leave to proceed on his claim, then he will be able to pursue discovery, albeit limited to the evidence relevant to the claims in this case.

ORDER

IT IS ORDERED that:

1) Plaintiff Freeman Cole's complaint (dkt. #1) is DISMISSED without prejudice.

2) Plaintiff's motions for a preliminary injunction (dkt. ##14-16) are DISMISSED with prejudice.

3) Plaintiff's motion to compel discovery (dkt. #17) is DISMISSED without prejudice.

4) Plaintiff may have until **May 6, 2026,** to file an amended complaint. Plaintiff must file this complaint using the court's prisoner complaint form, which the court will send him along with this order.

5) If plaintiff fails to file an amended complaint that states a claim by **May 6, 2026**, this case will be dismissed with prejudice, and the court will record a strike under 28 U.S.C. § 1915(g).

Entered this 6th day of April, 2026.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

7