IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

FREEMAN COLE,

                        Plaintiff,                                    OPINION AND ORDER

        v.
                                                                      25-cv-858-wmc

MAKAYLA R. MILLER,
KRISTEN M. SERVAIS,
ALICIA M. DALE,
ADVANCED CORRECTIONAL
HEALTHCARE, INC., and
LACROSSE COUNTY SHERIFF DEPT.,

                        Defendants,

In a previous order, the court dismissed plaintiff Freeman Cole's complaint for its failure to comply with Rule 8 of the Federal Rule of Civil Procedure. (Dkt. #25.) Plaintiff had alleged that defendants violated his rights under the United States Constitution when: (1) they refused to take him to the hospital or modify his diet after losing weight; and (2) by giving him food that was intended to cause harm. The court dismissed his claims, explaining that his allegations of weight loss alone were insufficient to state a claim and that he needed to identify particular people who were allegedly tampering with his food. However, the court gave Cole an opportunity to file an amended complaint supplementing his allegations and providing fair notice to specific defendants.

Cole has now filed an amended complaint (dkt. #30), which the court must screen under 28 U.S.C. § 1915A and dismiss if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. In particular, dismissal is required under § 1915A(b)(1) --

without an evidentiary hearing -- when the facts alleged in the complaint are "delusional" or "incredible." *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002); *see also Holland v. City of Gary*, 503 F. App'x 476, 477 (7th Cir. 2013) ("[A] dismissal for frivolousness under § 1915 (the IFP statute) does not require a judge to accept fantastic or delusional factual allegations.").

Cole's amended complaint provides some additional context for his experience at La Crosse County Jail. However, his allegations still do not state an actionable claim and are supported in part by fantastic and delusional allegations. Thus, the court will dismiss his amended complaint with prejudice.

ALLEGED FACTS[1]

At all relevant times, plaintiff Freeman Cole has been detained at the La Crosse County Jail pending trial on charges of attempted first degree intentional homicide in Case No. 2023CF000937. On September 12, 2025, an officer at the jail recorded Cole's weight at 204.4 pounds. On September 19, Cole alleges he weighed 184 pounds, while defendant nurse Alicia M. Dale recorded his weight as 187.2 pounds and denied Cole's request to be taken to the hospital. On September 26, defendant nurse Kristen M. Servais next recorded Cole's weight at 178.1 pounds, denied him additional nutrition, and denied his repeated request to go to the hospital. After allegedly refusing to be weighed again for the following eight weeks Cole's next recorded weight was 188.1 pounds on November 21. (Dkt. #12 at

---

[1] Unless otherwise indicated, the allegations of fact in plaintiff's complaint are taken as true for purposes of screening. In addition, the court takes judicial notice of matters in the public record, including pleadings and orders in previous court cases. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997) (citations omitted).

4.)  Then, on February 24, 2026, Cole allegedly weighed 168.9 pounds. (26-cv-00153-wmc, dkt. 1, at 3.)

During this time, Cole alleges that: he was so constipated that he only used the bathroom once every two weeks; defendant nurse Makayla R. Miller would only offer laxatives that Cole could take with water; these specific laxatives were offered because Miller and all La Crosse County Jail staff were aware that chemicals were being dispensed into his water; and defendants Advanced Correctional Healthcare, Inc., and La Crosse County Sheriff's Department were paid to kill him.

OPINION

Plaintiff claims that defendants have failed to take him to a hospital or supplement his diet in response to substantial weight loss, caused by them chemicals that all staff knew were being dispensed into his water.  Courts assess pre-trial conditions of confinement claims under the Fourteenth Amendment's Due Process Clause. *Miranda v. County of Lake*, 900 F.3d 335, 350 (7th Cir. 2018).  Like claims under the Eighth Amendment, the alleged conditions must be objectively serious enough to amount to a constitutional deprivation. *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015).  However, unlike claims under the Eighth Amendment, a pretrial detainee only needs to allege facts showing that "the defendants did not take reasonable available measures to abate the risk of serious harm to [plaintiff], even though reasonable [providers] under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious. *Pittman v. Madison County*, 108 F.4th 561, 572 (7th Cir. 2024) ("*Pittman IV*").

Here, plaintiff essentially alleges that from September 12, when he was 204.4

3

pounds, to September 26, 2025, he lost roughly 26 pounds, then after adding back 10 pounds, by February 24, 2026, was down 35.5 pounds from his September 12 weight. Plaintiff alleges further that during this time he was severely constipated, only using the bathroom once every two weeks, and it should have been obvious to the nurses recording his weight, defendants Dale and Servais, that he should be provided extra food or taken to a hospital.  However, plaintiff still fails to state a claim for relief because he admits that defendant Miller offered him treatment for constipation, his only side effect from weight loss, precluding an inference that defendants did not take reasonable measures to abate his risk of serious harm.  And, as the court noted in its previous order, allegations of substantial weight loss alone are not sufficient to show that plaintiff was at risk of serious harm.  *See Freeman v. Berge*, 441 F.3d 543, 547 (7th Cir. 2006) (concluding that 45-pound weight loss over 31 months would not support a claim without evidence of serious suffering or lasting harm).  Accordingly, because there is no plausible inference that defendants did not take reasoanble available measure to abate plaintiff's risk of serious harm, plaintiff will not be allowed to proceed on this claim.

Plaintiff's claim that he was being provided something intended to cause him harm and weight loss must also be dismissed.  As the court previously indicated, it is required to dismiss a lawsuit as frivolous under section 1915A(b)(1) when the facts alleged are delusional or incredible.  *Gladney*, 302 F.3d at 774.  This encompasses "allegations that are fanciful, fantastic, and delusional" and "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)

(quotation marks and citations omitted).  Thus, a case can be dismissed without a response from the defendants where "the facts alleged in the complaint are . . . unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity." *Gladney*, 302 F.3d at 774.

Rather than amend his complaint to allege who was providing him spoiled food (the issue previously identified by the court), plaintiff now alleges that defendant Miller and all staff at La Crosse County Jail were aware that chemicals are being dispensed into his water and that defendants Advanced Correctional Healthcare, Inc., and La Crosse County Sheriff's Department were paid to kill him.  Although not every single allegation in the complaint is factually impossible, collectively it is clear that this claim is "fanciful, fantastic, and delusional."  *Denton*, 504 U.S. at 33.  Therefore, this claim must be dismissed as frivolous.  *See, e.g., Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (noting that the term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation"); *Walton v. Walker*, 364 Fed. Appx. 256, 257-58 (7th Cir. 2010) (affirming dismissal of complaint as frivolous, where plaintiff alleged a broad conspiracy involving a variety of prison officials who wanted to kill him that "point[ed] in the direction of paranoid fantasy" and "did not meet the threshold of plausibility"); *Dodd v. Indiana Dep't of Correction*, No. 3:21-CV-972-jd-mgg, 2022 WL 4182359, *3 (N.D. Ind. Sept. 13, 2022) (dismissing complaint as frivolous where plaintiff alleged his own attempted murder by a correctional officer while numerous other officers either stood by idly or intentionally endorsed the conspiracy to kill him).

In sum, plaintiff against fails to state a claim upon which relief may be granted.

5

Accordingly, plaintiff may not proceed on these claims against defendants, and the court will dismiss this lawsuit with prejudice and assign plaintiff a "strike" for the purposes of 28 U.S.C. § 1915(g) (barring a prisoner with three or more "strikes," or dismissals for filing a civil action or appeal that is frivolous, malicious, or fails to state a claim from bringing any more actions or appeals in forma pauperis unless he is in imminent danger of serious physical injury).

ORDER

IT IS ORDERED that:

1) Plaintiff Freeman Cole's amended complaint (dkt. #30) is DISMISSED with prejudice as both frivolous and for failure to state a claim upon which relief can be granted.

2) The dismissal will count as a STRIKE for purposes of 28 U.S.C. § 1915(g).

3) The clerk is directed to enter judgment and send plaintiff copies of this order and the judgment.

Entered this 2nd day of June, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge