IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

IN THE MATTER OF
FREEMAN COLE

ORDER

25-cv-858-wmc
25-cv-922-wmc
25-cv-923-wmc
25-cv-924-wmc
25-cv-925-wmc
25-cv-933-wmc
25-cv-973-wmc
25-cv-986-wmc
26-cv-153-wmc
26-cv-230-wmc
26-cv-505-wmc
26-cv-748-wmc
26-cv-785-wmc
26-cv-786-wmc
26-cv-792-wmc
26-cv-793-wmc[1]

Plaintiff Freeman Cole, who is representing himself while a pretrial detainee, has filed some 16 lawsuits in this court since late 2025 as numbered in the caption above. Three have since been dismissed for failure to state a claim upon which relief could be granted, each resulting in a "strike" for purposes of 28 U.S.C. § 1915(g); six have been closed for failure to pay the full filing fee; and seven are still awaiting screening. During the pendency of these actions, Cole has received multiple warnings regarding his repeated practice of scattershot filings in all of his cases -- whether or not the content was relevant

[1] The court will be entering this order in all of Freeman Cole's lawsuits in this court. For clarity and readability, however, all citations to the record will refer to Cole's first lawsuit, Case No. 25-cv-858-wmc.

to a particular case. He has also been cautioned on at least three, separate occasions that continuing this practice may result in sanctions.

Specifically, on January 13, 2026, Cole was warned that he should be more careful when filing documents with this court because "[p]utting the wrong case number on documents, or failing to put any case number on documents, will muddle the record in these cases." (Dkt #19.) Subsequently, on April 14, 2026, after Cole submitted various food items marked as "evidence," this court ordered Cole to "limit his future filings with this court to paper submissions" absent advance leave of this court, as well as cautioned him that should he fail to comply with that order, the court would "consider whether sanctions should be imposed against him, including monetary sanctions, dismissal of claims, or a bar to his … filing any new lawsuits in this court." (Dkt. #26.) After Cole failed to heed that order and continued to submit so-called "evidence" and motions in all of his cases -- whether open or closed and regardless of any arguable relevance -- the court admonished him again on June 2, 2026, advising it would "only address individual motions and submissions that are directly relevant to a specific case number and any additional scattershot motions filed indiscriminately across multiple cases will be summarily denied." (Dkt. #39.)[2]

Unfortunately, Cole continues to attempt to file indiscriminately meritless motions and irrelevant items purporting to be evidence in his various lawsuits and repeatedly disregarding the court's orders. (Dkt. ##44, 45, 47, and 48.) Even more concerning, he

[2] The court has also ruled on Cole's previous motions to present "evidence" in his unscreened cases as premature, directing him "to wait to submit any evidence until it is required in response to a dispositive motion or other court order." (Dkt. # 43.)

continues to submit materials containing unknown substances, requiring the involvement of the U.S. Marshal. (Dkt. #49). Cole's continued disobedience has gone beyond the pale, frustrating efforts to screen his cases for lack of a coherent record, consuming an inordinate amount of scarce judicial and clerk office resources, and diverting security personnel from other matters. As the court has already admonished Cole, this conduct must cease. Indeed, "a court has the inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it, and pursuant to that authority may impose appropriate sanctions to penalize and discourage misconduct." *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46-50 (1991)).

While stopping short of a complete filing bar, therefore, the court will now bar Cole from filing new motions, other submissions or evidence in any case without *first* requesting in writing permission by identifying the specific, individual case number involved on the outside of the envelope *and briefly* stating within the reason for the requested filing, as well as then receiving written leave of court to do so. The court may impose additional sanctions, should Cole continue any of his abusive litigation practices as set forth below. For all other attempts to file, the clerk's office will be directed to return unopened all other submissions from Cole without further review.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for a 40-day extension to pay the filing fee in Case Nos. 26-cv-792-wmc, 26-cv-786-wmc, 26-cv-793-wmc, 3:26-cv-505-wmc, 26-cv-

785-wmc, and 26-cv-748-wmc is GRANTED. He must pay the full filing fee ($405) by Friday, November 13, 2026. No further extensions will be granted absent good cause.

2. Plaintiff Freeman Cole's motion to submit evidence (dkt. #47), which he has filed in all of his cases, is DENIED.

3. Cole is BARRED from filing any new motions, submissions or evidence in his lawsuits unless he *first* requests in writing permission by identifying the specific, individual case number involved on the outside of the envelope *and briefly* stating within the reason for the requested filing, as well as then receives written leave in advance from the court. The clerk's office is further DIRECTED to return unopened all other submissions from Cole without further review.

4. Cole is further WARNED that any future abusive litigation conduct may result in DISMISSAL of some or all of his remaining, open cases and may further result in a complete bar to filing any new lawsuits.

Entered this 2nd day of October, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge